United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE MAYNARD GARDNER, <br> Plaintiff, <br> v. <br> VICKI HENNESSY, et al., <br> Defendants. | Case No. 19-cv-01681-EMC <br><br> **ORDER OF DISMISSAL WITH LEAVE TO AMEND** <br> Docket No. 1 |

## I. INTRODUCTION

Lance Maynard Gardner, an inmate at the San Francisco County Jail, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A. This order requires Mr. Gardner to file an amended complaint to correct several pleading deficiencies.

## II. BACKGROUND

The complaint alleges the following about an event that occurred when Mr. Gardner was an inmate at the San Francisco County Jail in San Bruno, California: On April 18, 2017, inmate Greg Lubisch entered Mr. Gardner's cell through the unlocked cell door and attacked Mr. Gardner without provocation for about 3-4 minutes. Among other things, Mr. Lubisch punched and slammed Mr. Gardner's head into the floor. As a result of the attack, Mr. Gardner sustained a concussion and headaches over the next several months. Mr. Gardner alleges that the attack occurred and lasted 3-4 minutes because San Francisco Sheriff's Deputy Moore (a) left the cell door unlocked, contrary to a policy that doors were to be locked at all times, and (b) was attentive to his computer screen rather than watching the inmates under his care.

### III. DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint has three problems. Leave to amend is granted so that Mr. Gardner may file an amended complaint that cures the deficiencies identified in this order.

First, Mr. Gardner has not linked several defendants to his claim. The complaint lists as defendants San Francisco Sheriff Vicki Hennessey, the City and County of San Francisco, and San Francisco City Attorney Dennis Herrera, but makes no allegations against any of these Defendants. In his amended complaint, Mr. Gardner must allege facts showing his entitlement to relief from each and every defendant who he proposes to hold liable on the claim. Mr. Gardner must be careful to allege facts showing the basis for liability for each individual defendant. He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right). If he wants to sue a supervisor, he must allege facts showing (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

Mr. Gardner cannot hold the municipal defendants (such as Sheriff Hennessy in her official capacity and the City and County of San Francisco) liable in a § 1983 action simply because they employ the individual wrongdoers. There is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of another, such as an employee. *See Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139, 1144 (9th Cir. 2012). Thus, a claim would not be stated against the Sheriff or the municipality merely because they employed the alleged wrongdoers. Local governments, such as the City and County of San Francisco, are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: "(1) that [the plaintiff] possessed a constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (citations and internal quotation marks omitted). For municipal liability, a plaintiff must plead sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that the plaintiff is entitled to relief. *See AE v. County of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012). It is not sufficient to merely allege that a policy, custom or practice existed or that individual officers' wrongdoing conformed to a policy, custom or practice. *See id.* at 636-68. Leave to amend is granted so that Mr. Gardner may attempt to allege a *Monell* claim against the municipal entities listed as Defendants in his complaint. He must be careful to allege the specific policy, custom or practices of each municipal entity that he contends give rise to liability.

Second, Mr. Gardner does not allege whether he was a pretrial detainee or a convict at the time he was attacked. For a claim that a jail official has been deliberately indifferent to a risk to an inmate's safety, a different legal standard applies if the inmate had been convicted than if the

3

inmate was merely awaiting trial.[1] In his amended complaint, Mr. Gardner must state whether he was a convict or pretrial detainee on April 18, 2017.

Finally, Mr. Gardner has not alleged a § 1983 claim against inmate Lubisch, who allegedly attacked him. No facts are alleged to plausibly suggest that Mr. Lubisch was a state actor, which is a requirement for a § 1983 claim against him. If Mr. Gardner wishes to assert a state law claim (such as assault and battery) against Mr. Lubisch, he may do so but must allege that he is asserting a state law claim against Mr. Lubsich and invoke the court's supplemental jurisdiction in his amended complaint by stating that he is bringing his action under 28 U.S.C. § 1367 as well as under 42 U.S.C. § 1983. Although Mr. Gardner is free to pursue a claim against Mr. Lubisch, the Court notes that suing an inmate for damages usually is an exercise in futility because the vast majority of inmates do not have any money to pay for a judgment, if a judgment is ever obtained

---

[1] If the inmate was a convict at the relevant time, his claim would arise under the Eighth Amendment's Cruel and Unusual Punishments Clause, which has been interpreted to require that jail and prison officials take reasonable measures to protect prisoners from violence at the hands of other prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994). The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison or jail violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Id.* at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id.* at 837. If the inmate was a pretrial detainee at the relevant time, his claim would arise under the Fourteenth Amendment's Due Process Clause. Jail officials may be liable under the Fourteenth Amendment for failure to protect a pretrial detainee from a risk of harm by other inmates. To state a claim that an individual officer failed to protect a pretrial detainee, a plaintiff must allege facts showing these elements:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) Those conditions put the plaintiff at substantial risk of suffering serious harm; (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc), *cert. denied,* 137 S. Ct. 831 (2017).

against them.

## IV. CONCLUSION

The complaint is dismissed with leave to amend. Plaintiff must file an amended complaint that complies with the directions in this order no later than **September 13, 2019**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") Failure to file the amended complaint will result in the dismissal of this action.

**IT IS SO ORDERED**.

Dated: August 1, 2019

_____
EDWARD M. CHEN
United States District Judge